IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ANDREW J. PATERNO,

          Plaintiff,

v.                          CIVIL ACTION NO.   2:12-cv-04692

WELLS FARGO INSURANCE SERVICES, INC., et al.

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is Defendants' motion to dismiss [ECF 6]. For the reasons that follow, the motion is **DENIED**.

### I. BACKGROUND

*A. Factual Background*

The following facts are drawn from Plaintiff's Complaint or its exhibits and, for purposes of the instant motion to dismiss, are regarded as true. Andrew J. Paterno ("Plaintiff") was employed by Defendants Wells Fargo Insurance Services, Inc. and Wells Fargo Insurance Services USA, Inc. (collectively "WFIS") as Vice Chairman and as a member of WFIS's Board of Directors until September 30, 2011. Plaintiff and WFIS consensually terminated their employment relationship on that date, and from that point on their relationship was governed by a Departure Agreement and Release of Claims ("Departure Agreement"), which was executed on August 30, 2011. Under the Departure Agreement, Plaintiff agreed to release any and all claims arising from his employment with WFIS in exchange for 15 monthly payments of $46,493.33 and a lump sum severance payment of $280,000. The 15-month period immediately following the

termination of Plaintiff's employment (the "Paid Leave Period") would terminate on December 31, 2012, after which WFIS agreed to process and distribute the lump sum severance payment "as soon as administratively possible." (ECF 1-3 at ¶ 5(c).) The Departure Agreement contained a non-competition clause which would remain in effect during the Paid Leave Period and under which Plaintiff agreed not to:

> a) Engage in or consult with any business which competes directly, or indirectly, with WFIS's insurance brokerage or agency business or the third party administrative business, which includes but is not limited to, the sale or arrangement of, and/or administration of, claims for health insurance, employee benefits of any kind, and workers compensation[] (the "Restricted Business");
> 
> b) Aid or assist anyone in engaging in or entering in to the Restricted Business;
> 
> c) Directly or indirectly solicit an employee to leave the employ of WFIS, its parent companies, predecessors, successors, affiliates, subsidiaries ("the Company") or induce a consultant to sever the consultant's relationship with the Company;
> 
> d) Directly or indirectly solicit business from any of the Company's clients, customers, or prospective customers whose identity became known to [Plaintiff] during [his] employment with the Company;
> 
> e) Reestablish or reopen any business substantially the same as all or any part of the Restricted Business; and
> 
> f) In any manner become interested directly or indirectly, as employee, owner, partner, shareholder, director, officer or otherwise, in a Restricted Business. Provided, however, that for purposes of this paragraph, the term "shareholder" shall not include any investment in an organization where [Plaintiff] own[s] less than 5% of the stock issued and outstanding.

(ECF 1-3 ¶ 8.) On May 29, 2012—during the Paid Leave Period—Plaintiff commenced employment with Huntington National Bank as a Regional President. As a condition of his employment, Huntington National Bank agreed that Plaintiff would continue to abide by the non-competition and non-solicitation provisions contained within Paragraph Eight of the

Departure Agreement. On June 7, 2012, WFIS terminated the Departure Agreement and ceased making the payments called for therein. Plaintiff claims that he faithfully fulfilled his obligations under the Departure Agreement and is entitled to the unpaid amounts owed him.

### B. *Procedural History*

On July 20, 2012, Plaintiff filed suit against WFIS for breach of contract in the Circuit Court of Kanawha County, West Virginia. WFIS was served on July 25, 2012 and removed the case to federal court on the basis of diversity jurisdiction on August 24, 2012. WFIS's Rule 12(b)(6) motion to dismiss followed on August 29, 2012.

WFIS's motion to dismiss relies entirely on a document referenced in the Departure Agreement—the Wells Fargo Team Member Code of Ethics and Business Conduct ("Code of Ethics")—to which Plaintiff agreed to be bound during the Paid Leave Period. WFIS contends that the Court may consider the Code of Ethics in resolving the motion to dismiss because it is part of the Departure Agreement incorporated in Plaintiff's Complaint. According to WFIS, the Code of Ethics placed further obligations on Plaintiff beyond the non-compete and non-solicitation provisions referenced in Plaintiff's Complaint. Plaintiff allegedly violated these obligations by accepting employment with Huntington National Bank. Since the Departure Agreement gave WFIS the right to withhold payments if Plaintiff failed to fulfill his contractual duties, WFIS contends that Plaintiff's own breach of contract bars his claim for relief.

Plaintiff responds that WFIS's motion does not simply test the legal sufficiency of his Complaint but requires the Court to resolve a factual dispute over the scope of the Departure Agreement's non-compete provisions. He claims that WFIS impermissibly attempts to broaden the non-compete restrictions set forth in the Departure Agreement by construing select language

3

from the Code of Ethics as an additional covenant not to compete. Resolution of these conflicting provisions, Plaintiff contends, is improper on a Rule 12(b)(6) motion to dismiss.

## II. LEGAL STANDARDS

### A. Motion to Dismiss Standard

A motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a civil complaint. Fed. R. Civ. P. 12(b)(6). "[I]t does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N. C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint is legally sufficient when it meets the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Allegations "must be simple, concise, and direct" and "[n]o technical form is required." Fed. R. Civ. P. 8(d)(1). A court decides whether this standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer that "the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### B. Consideration of External Evidence on a Motion to Dismiss

In reviewing the sufficiency of a complaint, a court is generally limited to the four corners of that document and "documents incorporated into the complaint by reference." *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 466 (4th Cir. 2011) (citation omitted); Fed. R. Civ. P. 10(c).

Consideration of extrinsic evidence converts a motion to dismiss into a motion for summary judgment. Fed. R. Civ. P. 12(d). The Fourth Circuit recognizes an exception to this general rule, providing that a court may consider documents attached to a motion to dismiss so long as they are "integral to and explicitly relied on in the complaint and . . . the plaintiffs do not challenge [their] authenticity." *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (quoting *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)); *Broder v. Cablevision Systems Corp.*, 418 F.3d 187, 196 (2d Cir. 2005) (finding that on review of a 12(b)(6) motion, a court may consider a contract that is integral to the plaintiff's claims and upon which the plaintiff relied in framing his complaint). This exception "prevent[s] parties from surviving a motion to dismiss by artful pleading or by failing to attach relevant documents." *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) (citing *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998)).

Plaintiff's Complaint expressly incorporates the parties' Departure Agreement, which Plaintiff has attached as an exhibit to his complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). In support of its motion to dismiss, WFIS has attached and requests the Court to consider the Code of Ethics, a document which is neither referenced in nor appended to Plaintiff's Complaint but which WFIS argues is part of the parties' agreement. Paragraph Five of the Departure Agreement states that "[d]uring the Paid Leave Period, you will continue to be bound by WFIS' policies, including its Code of Ethics and Business Conduct." (ECF 1-3 at ¶ 5(b)).

Plaintiff does not contest the authenticity of the Code of Ethics. Therefore, the Court may consider the Code of Ethics if it is integral to and explicitly relied on in Plaintiff's Complaint. *See Am. Chiropractic Ass'n*, 367 F.3d at 234. The Departure Agreement is certainly integral to

5

Plaintiff's claims and, as an exhibit to the Complaint, is treated as part of the Complaint itself. Plaintiff admits that he agreed to be bound by the Code of Ethics as a condition of the Departure Agreement. By attaching the Code of Ethics to its motion to dismiss, WFIS has in effect alleged that Plaintiff has presented to the Court only the portions of the parties' agreement that benefit his position. *See 188 LLC*, 300 F.3d at 735. The Court is authorized by law to review the entirety of that agreement in evaluating the sufficiency of Plaintiff's complaint, and may consider the Code of Ethics without converting WFIS's motion into one for summary judgment.

### III. DISCUSSION

In West Virginia, a plaintiff establishes a breach of contract claim by alleging "facts sufficient to support the following elements: the existence of a valid, enforceable contract; that the plaintiff has performed under the contract; that the defendant has breached or violated its duties or obligations under the contract; and that the plaintiff has been injured as a result." *Exec. Risk Indem., Inc. v. Charleston Area Med. Ctr., Inc.*, 681 F. Supp. 2d 694, 714 (S.D. W. Va. 2009) (citing 23 Williston on Contracts § 63:1 (Richard A. Lord, ed. 4th ed. West 2009)). WFIS does not point to any factual deficiency on the face of Plaintiff's Complaint. Instead, WFIS argues in support of its motion to dismiss that because Plaintiff violated certain contractual provisions set forth in the Code of Ethics and incorporated in Paragraph 5 of the Departure Agreement, he has breached the parties' agreement and WFIS was justified in terminating payments.

WFIS alleges that Plaintiff failed to abide by a section of the Code of Ethics entitled "Activities Outside the Company". This section is approximately two pages long and precludes WFIS employees from, among other things, becoming interested in a for-profit business outside the company without prior approval and accepting certain competing or conflicting outside employment. The pertinent section states:

6

> You may not accept competing or conflicting outside employment.  Competing or conflicting outside employment or business activities include any position that:
>
> - Competes with a service or business provided by Wells Fargo, including but not limited to working for a:
>
>     o   Bank
>     o   Mortgage company
>     o   Savings and loan association
>     o   Credit union
>     o   Trust company
>     o   Insurance agency
>     o   Broker/dealer [or]
>     o   Financial services company[.]

(ECF 6-1 at 16.)  Without question, these non-competition provisions placed far greater restrictions on Plaintiff than those set forth in Paragraph Eight of the Departure Agreement.[1] Paragraph Eight of the Departure Agreement precludes Plaintiff from engaging in or consulting with "any business which competes directly, or indirectly, with WFIS's insurance brokerage or agency business or the third party administrative business" while the Code of Ethics prevents Plaintiff from accepting employment with any "bank".[2]

Where the plain language of a contract contradicts the allegations of the plaintiff's complaint, dismissal of the claims is proper.  *See Wellington Power Corp. v. CNA Surety Corp.*,

---

[1]  Plaintiff argues that dismissal is improper because WFIS attempts to construe the "Activities Outside the Company" section in the Code of Ethics as a restrictive covenant, the enforceability of which requires judicial review.  WFIS insists that the Code of Ethics should not be treated as a restrictive covenant because "Plaintiff was not absolutely prohibited from seeking certain outside employment under the Code of Ethics[] like he is and was prohibited by the restrictive covenants in the Departure Agreement[.]"  (ECF 10 at 5.)  WFIS's argument is contradicted by the plain language of the Code of Ethics, which expressly prohibits WFIS employees from accepting outside competing employment.  The question of whether WFIS intends to enforce the Code of Ethics as a covenant not to compete need not be resolved at this stage because the provisions of that document, as discussed below, are inconsistent with the terms of Paragraph Eight of the Departure Agreement.  This inconsistency alone precludes dismissal.

[2]  At no point does WFIS argue that Plaintiff violated the non-competition provisions set forth in Paragraph Eight of the Departure Agreement.

7

614 S.E.2d 680, 685-86 (W. Va. 2005) (Courts must give full force and effect to contractual language "when it is clear, plain, simple and unambiguous."). Where a contract's meaning is unclear on its face, however, its interpretation depends on the parties' intent at the time of execution. *See Zimmerer v. Romano*, 679 S.E.2d 601, 610-11 (W. Va. 2009) (citing Syl. pt. 1, *State v. Herold*, 85 S.E. 733 (1915)). "Contract language usually is considered ambiguous where an agreement's terms are inconsistent on their face or where the phraseology can support reasonable differences of opinion as to the meaning of words employed and obligations undertaken." *State ex rel. Frazier & Oxley, L.C. v. Cummings*, 569 S.E.2d 796, 803-04 (W. Va. 2002) (quoting *Fraternal Order of Police v. Fairmont*, 468 S.E.2d 712, 716 (W. Va. 1996)). The factual inquiry required to reconcile inconsistent or contradictory contract provisions precludes disposition at the motion to dismiss stage. *See Martin Marietta Corp. v. Int'l Telecommunications Satellite Organization*, 991 F.2d 94, 97 (4th Cir. 1992) ("[T]he construction of ambiguous contract provisions is a factual determination that precludes dismissal on a motion for failure to state a claim.") (citing *Wolman v. Tose*, 467 F.2d 29, 34 (4th Cir. 1972)).

Paragraph Eight of the Departure Agreement and the Code of Ethics, as incorporated in Paragraph Five of that agreement, are plainly inconsistent. For example, the Code of Ethics restricts Plaintiff from owning 10% or more of any for-profit, outside business without prior approval, while under Paragraph Eight of the Departure Agreement, Plaintiff was absolutely prohibited from holding 5% or more of the stock of a Restricted Business during the Paid Leave Period. Paragraph Eight of the Departure Agreement prevents Plaintiff from engaging or consulting in any Restricted Business, but acknowledges that he is *not* prohibited from earning a living in "other businesses." (ECF 1-3 at ¶ 8.) The Code of Ethics substantially broadens these restrictions by precluding Plaintiff from accepting any "competing or conflicting outside

8

employment." (ECF 6-1 at 16.) The Code of Ethics provides several examples of prohibited employment, but expressly states that this list is non-exhaustive. Although WFIS would have the Court believe that the Code of Ethics sets forth plain and unambiguous contractual terms, the inconsistencies between this document and Paragraph Eight of the Departure Agreement are incapable of reconciliation without an inquiry into the parties' intent at the time the Departure Agreement was formed. Given these inconsistencies, WFIS's arguments are not capable of resolution at this juncture.

The Complaint's allegations are sufficient to support a claim for breach of contract. WFIS's contentions cannot be resolved by reference to the contract itself and require resolution at a later date. The motion to dismiss is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss [ECF 6] is **DENIED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:    March 21, 2013

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE